## HOLMES v. HURST.

(Circuit Court, E. D. New York. November 6, 1896.)

Copyright—Serial Publication.
　　An author cannot acquire copyright of a literary work which has been published serially in a magazine, under a contract by which the publishers were to have no other right to it, unless previous to such publication he has taken the steps necessary to secure a copyright.

This was a suit by the plaintiff, as executor of Oliver Wendell Holmes, against George D. Hurst, upon an alleged copyright.

Rowland Cox, for plaintiff.
Andrew Gilhooly, for defendant.

WHEELER, District Judge. This suit is brought by the plaintiff, as executor of Oliver Wendell Holmes, upon an alleged copyright by the testator as author of "The Autocrat of the Breakfast Table," the validity of which is denied because of prior publication. As the work was written, parts of it which would make

the whole were printed and circulated successively as a part of the Atlantic Monthly, published by Phillips, Samson & Co., in Boston; under contract with the testator by which they were to have that and no other right to it. The proceedings for this copyright were begun afterwards. The counsel for the plaintiff insists that this serial publication of parts as written was not an abandonment' of, and would not cut off, what was left to him by his contract with those publishers, which would be the right to copyright the whole work. The common-law right of the author to control giving out his work would cover this contract for serial publication; and, if his statutory right would still be left, that argument would seem to be sound. The statutory copyright seems to be divisible as the holder pleases. Publishing Co. v. Monroe, 19 C. C. A. 429, 73 Fed. 196. And if the right to copyright is also divisible, without having the exercise of the right to a part destroy the right to the remainder, the argument would further appear to be sound. But, if the exercise of the common-law right amounts to a publication, it will, under the law, cut off the statutory right, unless the necessary steps are taken to keep it. And, also, if the right to the statutory privilege of obtaining a copyright is so exercised as to amount to a publication, the remainder of the right will be destroyed, unless the required steps are taken to preserve that. That what was done with each part amounts to a publication of that part in the Atlantic Monthly is not, and could not well be, questioned. Each, when so published, was gone into the free literature of the world, and could not be taken back into control; and all, when so published, would be so gone. Any one could freely use each part after it had so come out, and could so freely use all parts separately or together after all had so come out. An inventor may keep his right to a patent so long as his invention is kept out of public use, and from on sale, and for two years more, but not longer; but no time after publication is left for a copyright to an author. And there is no qualification in the statute as to the kind of publication, whether in whole at a time or by piecemeal; what is published anyhow is gone out of the author's reach. Such appears to have been the opinion of Judge Jenkins, in Holmes v. Donohue, 77 Fed. 179, heard after this case was submitted. Bill dismissed.